## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| JESSIE L. BROWN, | : | |
| | : | |
| **Plaintiff,** | : | NO. 4:25-CV-00037-CDL-AGH |
| VS. | : | |
| | : | |
| Governor B. KEMP, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

_____

## DISMISSAL ORDER

*Pro se* Plaintiff Jessie L. Brown, an inmate incarcerated at the Muscogee County Jail in Columbus, Georgia, has filed a complaint under 42 U.S.C. § 1983.  ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis*.  ECF No. 2.  However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this complaint is **DISMISSED without prejudice** for the reasons set forth below.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis:*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a

prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous prior federal lawsuits and at least three of his complaints have been dismissed as frivolous or malicious or for failure to state a claim.[1]  *See, e.g.,* Order Dismissing Compl., *Brown v. Abbot*, ECF No. 22 in Case No. 4:03-cv-00108-BAE (S.D. Ga. June 1, 2004) (dismissing pursuant to 28 U.S.C. § 1915A(b)(1)); Order Dismissing Compl., *Brown v. McLane*, ECF

---

[1] The Georgia Department of Corrections online offender query system shows that Plaintiff spells his first name both as "Jessie" and as "Jesse" and that he has other aliases as well. https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (searched "Brown, Jessie") (last visited Mar. 25, 2025) (showing known aliases include "Brown, Jesse Lee," Brown, Jessie Lee," and "Brown, Jessie A."). The Court has confirmed that Plaintiff has filed more than two dozen other cases under the first names "Jesse" and "Jessie" by cross-referencing PACER records with Plaintiff's Georgia Department of Corrections identification numbers, Georgia Department of Corrections case numbers, and Muscogee County Sheriff's Office online jail records. *See id.*; https://portal-gamuscogee.tylertech.cloud/app/JailSearch/#/search (searched "Jessie Brown") (last visited Mar. 25, 2025).

No. 4 in Case No. 7:03-cv-00101-HL-RLH (M.D. Ga. Jan. 13, 2004) (dismissing as frivolous); Order on Mot. Recons., *Brown v. Nix*, ECF No. 12 in Case No. 7:03-cv-00098-HL-RLH (M.D. Ga. Jan. 6, 2004) (dismissing as frivolous and pursuant to 28 U.S.C. § 1915(g)); Order Dismissing Compl., *Brown v. Nance*, ECF No. 6 in Case No. 4:01-cv-00127-HL (M.D. Ga. Oct. 19, 2001) (adopting recommendation to dismiss for failure to state claim). Additionally, Plaintiff has been identified as having three strikes in multiple other federal lawsuits where he was denied leave to proceed *in forma pauperis* under § 1915(g) and the cases were dismissed. *See, e.g., Brown v. Ezell*, Case No. 4:06-cv-00121-CDL (M.D. Ga. Oct. 23, 2006); *Brown v. Stracker,* Case No. 4:12-cv-00260 (M.D. Ga. Oct. 3, 2012); *Brown v. Owens,* Case No. 1:14-cv-00177 (S.D. Ga. Nov. 10, 2014); *Brown v. Owens,* Case No. 7:14-cv-00170 (M.D. Ga. Dec. 5, 2014); *Brown v. Lynch,* Case No. 4:20-cv-00053 (M.D. Ga. Sep. 30, 2020); *Brown v. Thomas,* Case No. 4:20-cv-00098 (M.D. Ga. Jan. 14, 2021).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in

"genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

This is Plaintiff's third attempt since October 2024 to complain about his incarceration at the Muscogee County Jail. *See Brown v. Lynch*, Case No. 4:24-cv-158-CDL-AGH (M.D. Ga. Feb. 21, 2025) (dismissed under 42 U.S.C. § 1915(g) for having three strikes and under 42 U.S.C. § 1915A as malicious for failure to truthfully disclose his litigation history); *Brown v. Mitchell*, Case No. 4:24-cv-144-CDL-AGH (M.D. Ga. Mar. 14, 2025) (dismissed under 42 U.S.C. § 1915A as malicious for failure to truthfully disclose his litigation history). Just like these previous complaints, Plaintiff again vaguely and generally contends that he is being denied a nutritious diet which is "a health risk for [him] do (sic) to other medical issues." *Compare id*. with ECF No. 1 at 5-7. Plaintiff also now alleges that his "life and health [is] at risk do (sic) to all the shower[s] are molded on every floor of the jail" and that "the sealing licks (sic) when it rains leaving pool of water in the hallways in parts of the jail." ECF No. 1 at 5-6. He claims that due "to these conditions of the sealing [he is] not ensured that there is not a danger to [his] wellbeing." *Id*. at 7.

Nowhere in Plaintiff's complaint does he provide any specific or nonfrivolous facts suggesting that he is in imminent danger of suffering any serious physical injury. "[T]the issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). To qualify for this exception, a prisoner must allege specific facts, as opposed to "'general

assertion[s],'" that describe an "'ongoing serious physical injury or [] a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Id.* (citation omitted). Here, Plaintiff's allegations of danger and risks to his health remain vague, conclusory and unsupported by facts and thus he fails to show an imminent danger of serious physical injury.[2] *See Medberry*, 185 F.3d at 1193 (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger"); *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, at *3 (N.D. Fla. July 5, 2023) ("[G]eneralized references to being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger."). As such, Plaintiff does not qualify for the imminent danger exception to § 1915(g) that

---

[2] Additional review of Plaintiff's complaint further finds that he is bringing his claims against the Defendants based solely upon their supervisory positions as Governor, Sheriff, and Health Department Director. However, it is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for unconstitutional acts on the basis of *respondeat superior* or vicarious liability. *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010). Nowhere in Plaintiff's complaint is there any allegation that would plausibly support an inference that any of his Defendants had any direct or indirect involvement in any violation of Plaintiff's constitutional rights and therefore Plaintiff's complaint is subject to dismissal for failure to state a claim. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

would permit him to proceed *in forma pauperis* despite having three strikes and this complaint is **DISMISSED WITHOUT PREJUDICE**.[3]

**SO ORDERED,** this 25th day of March, 2025.

S//Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status and that the filing fee must be paid at the time the suit is initiated. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full filing fee. *See also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).