# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **JESSIE L. BROWN,** | : | |
| | : | |
| Plaintiff, | : | NO. 4:25-CV-00037-CDL-AGH |
| VS. | : | |
| | : | |
| **Governor B. KEMP,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON PLAINTIFF'S APPLICATION TO APPEAL IN FORMA PAUPERIS

*Pro se* Plaintiff Jessie L. Brown, an inmate incarcerated at the Muscogee County Jail in Columbus, has filed a Notice of Appeal. ECF No. 7. Plaintiff seeks to proceed *in forma pauperis* with his appeal. ECF No. 11. An Order was entered that denied the Plaintiff's motion to proceed *in forma pauperis* with his civil action and dismissed Plaintiff's complaint without prejudice pursuant to the "three strikes provision" of 28 U.S.C. § 1915(g). ECF No. 5. Subsequently, Judgment was entered in favor of the Defendants. ECF No. 6. After reviewing the record, the Court enters the following Order as to Plaintiff's Motion for Leave to Appeal *in forma pauperis*.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and

> affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff submitted a certified copy of his trust fund account statement with his original motion to proceed *in forma pauperis* that indicated that he would be unable to pay the initial filing fee. ECF No. 2-1 at 1. If the information therein remains unchanged, then he cannot pay the $605 appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v.*

*Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

A statement of the issues an Appellant intends to appeal is required under Fed. R. App. P. 24(a)(1)(C). Plaintiff has submitted a brief and general statement in his Notice of Appeal stating that "you good old boys are clicked up real good" and that "you made your law and you know how to use it to protect yourself and your brothers in all your wrongdoing". ECF No. 7 at 2.

This Court has conducted an independent review of Plaintiff's initial complaint (ECF No. 1), the Order dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(g) (ECF No. 5), and Plaintiff's statement of issues from his notice of appeal (ECF No. 7) and concludes that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed"). Plaintiff has raised no issues with arguable merit. The appeal, therefore, is not brought in good faith. Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $605.00

appellate filing fee. Because he has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $605.00 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the facility in which Plaintiff is incarcerated.

**SO ORDERED and DIRECTED**, this 1st day of May, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA